UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GERMAN VELEZ,                                  :
                                               :
              Petitioner,             :
                                               :   **ORDER DENYING HABEAS**
      -against-                       :   **PETITION**
                                               :
CRAIG APKER,                                   :
    Warden, F.C.I. Otisville, NY         :   07 Civ. 3834 (AKH)
                                               :
              Respondent.            :
-------------------------------------------------------x

        Petitioner German Velez, proceeding pro se, filed this petition to restore his good time credit pursuant to 28 U.S.C. § 2241. Petitioner asserts that the loss of his good-time credits by the Unit Disciplinary Committee ("UDC") violated his due process and equal protection rights under 28 C.F.R. § 500. For the reasons stated below, the petition is denied.

        On October 20, 2005, petitioner was found in possession of a 14' rope in his garbage can and two shorter ropes attached to his bedrail. He admitted that the rope belonged to him and that he knew it to be an unauthorized possession. Petitioner was subsequently found in violation of "Prohibited Act 108 – Possession of a Hazardous Tool" and sanctioned to 30 days disciplinary segregation, disallowed 27 days of good conduct time, 6 months loss of commissary, and 6 months loss of telephone and visiting privileges.

        Petitioner's argument that his due process and equal protection rights were violated because another inmate who committed a similar offense received a lesser punishment lacks merit. The UDC's decision was supported by sufficient evidence to satisfy the requirements of due process and there is no evidence suggesting that petitioner's equal protection rights under the Constitution were violated. See, e.g., Superintendent v. Hill, 472 U.S. 445, 457 (1985) (holding that in the context of a prison disciplinary hearing

1

revoking good time credit, due process requires only that "there be some evidence to support the findings made in the disciplinary hearing" and that the relevant question is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.") The UDC's record here clearly indicates that there was physical evidence, petitioner's own statement, and staff's written statements to support the board's finding. Accordingly, the petition is denied.

Further, I deny a certificate of appealability, for there has not been a substantial showing of the denial of a constitutional right. Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk shall mark the case closed.

SO ORDERED.

Dated:   New York, New York
         September 12, 2007

                                              _____
                                              ALVIN K. HELLERSTEIN
                                              United States District Judge